

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~VDDDKXXXXXXX~~
ATTORNEY GENERAL

Hon. J. F. Holubec
County Auditor
Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. 0-5831
Re: May the Commissioners Court of
Lavaca County invest in U. S.
War Bonds funds of the Lavaca
County Flood Control District
accumulated because of the un-
foreseen conditions caused by
the War?

  This office has your request for opinion, which is as follows:

  "By Act of the 47th Legislature (1941) H.B.
361, appearing on page 763 of the printed Acts of
said 47th Legislature 'Regular Session,' 'General
and Special Laws, Texas', copy of which no doubt
you have on your desk, there was donated and granted
by the State of Texas to the Lavaca County Flood
Control District of Lavaca County, Texas, one-half
of all the State ad valorem taxes collected in
Lavaca County for general revenue purposes for a
period of ten years, commencing with Sept. 1st,
following the adoption of the Act. The taxes so
remitted are to be used by said Lavaca County Flood
Control District for the prevention of continued
public calamities caused by great floods, and for
the purpose of constructing improvements to control
flood-waters in said county for the protection of
life, property, soil, forests and public highways,
lying within said County, etc.

  "To date a good deal of the improvements in
and along the Lavaca River, in Lavaca County, are
under construction with funds derived from such tax
remission, but by reason of the War and War Emer-
gency, Lavaca County has been unable to purchase
the necessary machinery, or unable to contract for
same, and unable to secure labor in sufficient num-
ber for the purpose to fully carry out said improve-

ments as provided in said Act at this time, and by
reason thereof a sum of money has accumulated in
said Fund, and apparently cannot be expanded for
the purpose indicated for at least twelve months
because of such material, machinery and labor
shortage, and the COMMISSIONERS COURT IS DESIROUS
TO KNOW IF BY ANY LEGAL CONSTRUCTION OF SAID ACT
THEY WOULD BE PERMITTED TO INVEST THIS ACCUMULATED
FUND IN BONDS OF THE PRESENT WAR LOAN, making said
investment in such bonds maturing within one year.

"The Court is fully aware of the fact that
when the Act was passed it was not anticipated that
the funds would accumulate, but unforeseen condi-
tions have brought this accumulation of fund about,
and the Court, if permissible, is interested to
help the Government with such fund for at least one
year's time because it now appears that the money
will be on hand and idle for at least that period
of time.

"Your opinion will be appreciated."

The Lavaca County Flood Control District was created
by the Acts of 1941, 47th Legislature, H.B. No. 362.

Among other things said Act provides that "Such dis-
trict shall be a governmental agency and body politic and cor-
porate with the powers of government. . . .

"The Commissioners Court of Lavaca County, Texas, is
hereby designated as the governing body of such district and the
agency through which the management and control of the district
shall be administered and it is hereby empowered to do any and
all things necessary to carry out the aims and purposes of this
Act. . . . .

". . . In addition to the powers given to the Commis-
sioners Court by general laws and in addition to the general
powers herein given it shall be authorized in connection with
the Lavaca County Flood Control District to exercise the follow-
ing added rights, powers, privileges and functions:

The Act further provides that the said district is
empowered "to do any and all other acts or things necessary or
proper to carry into effect the foregoing powers."

And said Act further provides:

". . . All existing State laws, general or
special, applicable to contracts to the receipt and

disbursement of, and accounting for, public funds
in Lavaca County are hereby made applicable to the
contracts to the receipt and disbursement of, and
accounting for, any funds collected and disbursed
under the terms of this Act.  The provisions of this
Act shall be cumulative of any other laws upon the
subject matter."

Said Act also provides that:

"Any taxes hereafter donated, granted, diverted
or remitted to Lavaca County or the Flood Control
District created herein by the State of Texas, collected
during the remainder of the year may be utilized for
the purpose consistent with this Act. . . ."

From the foregoing it is apparent that the Lavaca
County Flood Control District is a political subdivision of the
State of Texas.

Section 1 of House Bill No. 746, Acts of the 48th
Legislature, Regular Session, 1943, reads as follows:

"All political subdivisions of the State of Texas
which have balances remaining in their accounts at
the end of any fiscal year may invest such balances in
Defense Bonds or other obligations of the United States
of America; provided, however, that when such funds are
needed and the obligations of the United States in
which such balances are invested shall be sold or re-
deemed the proceeds of said obligations shall be de-
posited in the accounts from which they are originally
drawn."

It is our opinion, and you are therefore so advised,
that the political subdivision of the State of Texas known as
the Lavaca County Flood Control District may at the end of any
fiscal year invest such balances as it may have on hand derived
from the tax funds donated and granted by the State of Texas for
the construction of flood control improvements and the mainten-
ance or operation thereof under the terms of House Bill No. 361
of the Regular Session, 47th Legislature, in the securities of
the United States of America described in your request for opinion.

By the terms of the law creating said district this
power may be exercised by the Commissioners Court of Lavaca
County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Geo. P. Blackburn
George P. Blackburn
Assistant

GPB:AMM:wc

APPROVED FEB 8, 1944
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman